IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO.: 4:24-CV-

SELECTIVE INSURANCE COMPANY OF
AMERICA,

        Plaintiff,

v.

FLOCK GROUP INC and PHD ENERGY
INC.,

        Defendants.

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW the Plaintiff, Selective Insurance Company of America, by its undersigned counsel, and by way of Complaint against the Defendants, Flock Group Inc. and PDH Energy Inc., would respectfully show this Court the following:

## PARTIES

1. Plaintiff, Selective Insurance Company of America ("Selective"), is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 40 Wantage Avenue, Branchville, New Jersey 07890.

2. At all times relevant hereto, Selective was authorized to issue policies of insurance within the State of North Carolina.

3. At all times relevant hereto, Selective issued an insurance policy bearing policy number S 2451959 (hereinafter, "the Policy") to LM Mosswood, LLC ("LM Mosswood"), insuring a commercial building (the "Building") located at 130 Mosswood Blvd., Youngsville,

North Carolina 27596, which also has a listed mailing address of 35 Weathers Street, Youngsville, North Carolina 27596.

4. At all times relevant hereto, LM Mosswood owned the Building and leased it to various tenants, including East West Manufacturing, LLC ("East West").

5. Defendant, Flock Group Inc. ("Flock Group"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1170 Howell Mill Road NW, Suite 210, Atlanta, GA 30318. Flock Group may be served with process by serving its registered agent at: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

6. At all times relevant hereto, Flock Group was engaged in the business of designing, manufacturing, selling and/or distributing solar and battery-operated security camera hardware, installation, and services.

7. Defendant, PHD Energy Inc. ("PHD"), is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 5050 East State Highway 29, Suite A, Georgetown, Texas 78626. PHD may be served with process by serving its registered agent at: Hui Xie, 2203 Spring Hollow Path, Round Rock, Texas 78681.

8. At all times relevant hereto, PHD was engaged in the business of designing, designing, assembling, manufacturing, producing, constructing, preparing, distributing and/or selling of lithium-ion batteries and/or battery chargers for consumer and commercial product applications.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states in that the citizenship of

2

Selective is completely diverse from the citizenship of the Defendants and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

10. Venue is appropriate in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. 1391(b) as a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

11. At all times relevant hereto, East West leased space within the Building pursuant to a written lease agreement and operated its business within this leased space.

12. At all times relevant hereto, East West used the leased space in furtherance of its business, which included, *inter alia*, providing integrated assembly services in conjunction with the assembly of Flock Group security cameras with PHD lithium-ion batteries.

13. Prior to May 24, 2022, under Flock's verbal direction and supervision, East West purchased lithium-ion batteries and battery chargers from PHD for the assembly of Flock Group security cameras.

14. Prior to May 24, 2022, PHD designed, manufactured, sold, and/or supplied lithium-ion batteries and associated chargers to East West for use with East West's assembly of Flock Group security cameras.

15. At all times relevant hereto, both PHD and Flock Group knew that East West had been retained by Flock Group to assemble Flock Group security cameras utilizing PHD lithium-ion batteries and PHD chargers.

16. At all times relevant hereto, Flock Group remotely monitored the assembly and charging of the PHD batteries from charging stations located within East West's tenant space inside the Building.

17. At all times relevant hereto, Flock Group verbally directed East West regarding the handling, charging, and assembly of the Flock Group cameras, which included directions regarding both the incorporation of PHD batteries and charging the PHD batteries with PHD battery chargers.

18. Prior to May 24, 2022, Flock Group experienced supply chain delays; therefore, Flock Group provided East West with used and/or refurbished PHD batteries to charge via PHD battery chargers and incorporate into the Flock Group security cameras.

19. At all times relevant hereto, PHD and Flock Group knew or should have known that the batteries and chargers it supplied to East West were incompatible.

20. On or about May 24, 2022, a fire (the "Fire") originated within one of the PHD lithium-ion batteries (the "Battery") which was located on a charging table within the assembly area of the East West tenant space of the Building.

21. The Fire caused substantial damage to the Building and business of LM Mosswood.

22. As a result of the Fire, and pursuant to the terms of the Policy, Selective was required to pay and did pay an amount in excess of one million dollars ($1,000,000.00) to or on behalf of LM Mosswood.

23. By virtue of the payments made to or on behalf of its insured, Selective, in accordance with the terms and conditions of the Policy, is now contractually, legally and equitably subrogated to its insured's rights as against the Defendants to the extent of its payments.

## COUNT I – NEGLIGENCE
### Plaintiff v. PHD

24. Plaintiff incorporates herein by reference all preceding paragraphs of this complaint the same as if fully set forth hereinafter.

25. At all times relevant to this cause of action, PHD held itself out to the general public as company that, among other things: a) is "leading designer and manufacturer of advanced battery products" with "five (5) manufacturing plants in China to produce quality batteries from Li-MnO$_2$ primary battery, Lithium-ion batteries to various battery packs"; b) has "a R&D and technical supporting team and sales representatives in USA and Europe" and "is dedicated to providing the best battery design services and products by applying the industrial cutting-edge chemistry and manufacturing technologies"; c) that has an "expert team" that "insures the delivery of most up to date Battery technology and solution"; and d) that recognizes "[a]lways, safety and quality are the most and foremost important aspects for all PHD battery products."[1]

26. Consistent with the foregoing representations, PHD was, at all times material hereto, in the business of designing, engineering, manufacturing, testing, distributing and/or selling lithium-ion batteries.

27. PHD designed, engineered, and manufactured the Battery.

28. PHD marketed, distributed, sold, and/or otherwise introduced the Battery into the stream of commerce, including the commerce of North Carolina.

29. As a designer, manufacturer, marketer, distributor, and seller of batteries, including the Battery, PHD assumed a duty to exercise ordinary care to protect others, including Mosswood, from harm and to fulfill this duty, PHD was legally obligated to, *inter alia*:

---
[1] https://phdenergy.com/about-phd-energy-inc/ (last accessed 3/28/2024)

a. act as a reasonably prudent designer, engineer, and/or manufacturer;

b. use reasonable care throughout the design and manufacturing process to ensure that the Battery was free of any potentially dangerous defects in design or manufacturing;

c. perform tests, inspections, and/or quality control measures to discover latent hazards and/or defects associated with the Battery;

d. provide a product that complied with the applicable electrical codes and industry standards; and

e. provide complete and thorough instructions and/or warnings to consumers and end users intending to use the Battery in a reasonable and foreseeable manner.

30. PHD breached its duties of care, upon information and belief, in that, *inter alia*, it:

a. failed to act as a reasonably prudent designer, engineer, and/or manufacturer;

b. failed to provide a product that was fit for its particular and intended purpose;

c. failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design that would have made the Battery code compliant and safe for use;

d. failed to provide complete and thorough warnings to consumers and end uses, including but not limited to East West;

e. wrongfully advertised its batteries as being safe, reliable and high quality;

f. failed to properly design the Battery;

g. failed to properly manufacture the Battery;

h. supplied and distributed defectively designed and manufactured batteries, including the Battery, which it knew or should have known would subject the property and business of LM Mosswood and East West to an unreasonable risk of harm;

i. otherwise failed to use due care that a reasonable designer, manufacturer and/or seller and/or manufacturer would use in similar circumstances; and

j. otherwise failed to use due care.

6

31. At all times material hereto, it was foreseeable that, if PHD breached the above-listed duties, personal injury and/or property damage could occur, including damage to the Building and business of Mosswood.

32. As an experienced designer, manufacturer and seller of lithium-ion batteries, PHD knew or should have known that a breach of the above-listed duties could cause damage to the Building, its contents and the business of Mosswood.

33. At the time the Battery left the custody and control of PHD, the Battery was in an unreasonably dangerous condition that PHD knew, or in the exercise of ordinary care, should have known posed a substantial risk of harm to members of the general public, including but not limited to, LM Mosswood and East West.

34. The Fire was not due to any action or contribution by Plaintiff or its insured, Mosswood.

35. The Fire would not have occurred but for PHD's breaches of its duties of care which caused the Battery to be designed, manufactured and sold with a fire-causing defect.

36. PHD's conduct fell below the standard established by law for the protection of others and property belonging to others against an unreasonable risk of harm.

37. As a direct and proximate result of PHD's aforesaid negligent acts, carelessness, and/or negligent omissions, Plaintiff incurred the damages alleged above.

WHEREFORE, Plaintiff, Selective Insurance Company of America, requests that this Court:

1. Order a trial by jury on all issues enumerated in this Complaint;

2. Order that Plaintiff recover from the defendants, jointly and severally, damages in an amount in excess of one million dollars ($1,000,000.00);

interest as allowed by law and the costs of this action, including attorney's fees; and

3. Order such other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE
### Plaintiff v. Flock Group

38. Plaintiff incorporates herein by reference all preceding paragraphs of this complaint the same as if fully set forth hereinafter.

39. Flock Group, as the designer, manufacturer and seller of security cameras, assumed a duty to exercise ordinary care to protect others, including Mosswood, from harm and to fulfill this duty, PHD was legally obligated to, *inter alia:*.

    a. exercise reasonable care with respect to its manufacturing instructions and directions provided to East West regarding the assembly of Flock Group security cameras;

    b. exercise reasonable care with respect to its selection and provision of lithium-ion batteries and chargers to East West for manufacture;

    c. perform its design and manufacturing work in a manner consistent with the standards of care applicable to its profession;

    d. evaluate and test its security camera component parts to ensure that they are safe for use and not a foreseeable risk of harm to others;

    e. to provide complete and thorough warnings to its product assemblers regarding hazards posed by the use of batteries with compatible battery chargers;

    f. provide its product assemblers compatible batteries and battery chargers;

    g. provide its assemblers with batteries that are safe for use and not defective;

    h. otherwise failed to use due care that a reasonable designer, manufacturer and/or would use in similar circumstances; and

    i. otherwise failed to use due care.

40. Flock Group breached its duties of care, upon information and belief, in that, *inter alia*, it:

   a. failed to exercise reasonable care with respect to its manufacturing instructions and directions provided to East West regarding the assembly of Flock Group security cameras;

   b. failed to exercise reasonable care with respect to its selection and provision of lithium-ion batteries, including the Battery, and chargers to East West;

   c. failed to perform its design and manufacturing work in a manner consistent with the standards of care applicable to its profession;

   d. failed to evaluate and test its security camera component parts to ensure that they are safe for use and not a foreseeable risk of harm to others;

   e. failed to provide complete and thorough warnings to East West regarding hazards posed by the use of batteries with non-compatible battery chargers;

   f. failed to provide East West with compatible batteries and battery chargers;

   g. failed to act as a reasonably prudent manufacturer of lithium-ion powered security cameras;

   h. failed to provide East West, with batteries that are safe for use and not defective; and

   i. otherwise failed to use due care.

41. As a direct and proximate result of Flock Group's aforesaid negligent acts, carelessness, and/or negligent omissions, Plaintiff incurred the damages alleged above.

WHEREFORE, Plaintiff, Selective Insurance Company of America, requests that this Court:

   1. Order a trial by jury on all issues enumerated in this Complaint;

   2. Order that Plaintiff recover from the defendants, jointly and severally, damages in an amount in excess of one million dollars ($1,000,000.00); interest as allowed by law and the costs of this action, including attorney's fees; and

3. Order such other and further relief as this Court deems just and proper.

This the 3rd day of April, 2024.

Respectfully submitted,

*/s/ R. Lee Robertson, Jr.*
R. Lee Robertson, Jr.
NC State Bar # 44749
ROBERTSON & ASSOCIATES, P.A.
2730 East W.T. Harris Blvd., Suite 101
Charlotte, North Carolina 28213
Telephone: (704) 597-5774
Facsimile: (704) 599-5603
lee.robertson@rlrobertson.com